## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JOHN DEVLIN,              )
                       )
       Plaintiff,        )
                       )
       v.             )       Civil Action No. 24-1060-RGA-SRF
                       )
THE TOWN OF FENWICK ISLAND,   )
*et al.*,              )
                       )
       Defendants.      )

### REPORT AND RECOMMENDATION[1]

Pending before the court in this civil rights action are the following motions: (1) the motion to remand the case to the Superior Court of Delaware, filed by plaintiff John Devlin ("Plaintiff"), (D.I. 6);[2] and (2) the motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendants,[3] (D.I. 3).[4] (D.I. 7) For the following reasons, I recommend that the court DENY the motion to remand and GRANT-IN-PART the motion to dismiss.

---

[1] A motion for remand is considered a dispositive motion and is therefore governed by Fed. R. Civ. P. 72(b). *Agincourt Gaming LLC v. Zynga Inc.*, C.A. No. 11-720-RGA, 2013 WL 3936508, at *2 (D. Del. July 29, 2013) (citing *In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998)); *see also Drit LP v. Glaxo Grp. Ltd.*, C.A. No. 21-844-LPS-CJB, 2022 WL 605123, at *1 n.1 (D. Del. Feb. 18, 2022).

[2] The briefing and related filings associated with the pending motion for remand are found at D.I. 6, D.I. 7, D.I. 8, and D.I. 12.

[3] Defendants are the Town of Fenwick Island (the "Town"), the Town Council of Fenwick Island (the "Town Council"), Natalie Magdeburger (the "Mayor"), Jacqueline Napolitano, William Rymer, Richard Benn, Edward Bishop, Janice Bortner, and Paul Breger. The complaint is brought against the Mayor, Jacqueline Napolitano, William Rymer, Richard Benn, Edward Bishop, Janice Bortner, and Paul Breger (collectively, the "Individual Defendants") in their official and individual capacities. (D.I. 1-1 at ¶¶ 2-10) The court refers to the Town, the Town Council, and the Individual Defendants collectively as "Defendants." The Town Council is comprised of the Individual Defendants. (*Id.* at ¶¶ 3-10)

[4] The briefing and filings associated with the pending motion to dismiss are found at D.I. 4, D.I. 10, D.I. 12, D.I. 13, D.I. 24, and D.I. 27.

I.      **BACKGROUND**

Plaintiff brought this suit in the Superior Court of Delaware on August 30, 2024, alleging

that Defendants wrongfully terminated his employment as the Town's Chief of Police in

retaliation for a report he made against the Mayor.  (D.I. 1, Ex. A at ¶ 16)  Plaintiff was

employed by the Town as Chief of Police pursuant to an employment contract dated September

1, 2020.  (*Id.*, Ex. A at ¶ 17; D.I. 29)  Plaintiff's initial term as Chief of Police under the contract

was for a period of one year, with the option to extend the term for two additional two-year terms

"at the Town's discretion."[5]  (D.I. 29 at ¶¶ 1, 15)  When Plaintiff's initial one year term expired,

the Town exercised its option to renew his contract for a period of two years from September 1,

2021 to August 31, 2023.  (D.I. 1, Ex. A at ¶ 18)

On April 23, 2023, the Mayor visited the police station and used security access codes

she had obtained from an "unknown source" to enter a secured area of the police station without

permission and without an escort.[6]  (*Id.*, Ex. A at ¶ 21)  In accordance with statutes governing the

Delaware Criminal Justice Information System ("DELJIS"), a sergeant notified Plaintiff of the

Mayor's allegedly unauthorized entry and reported the breach to DELJIS.  (*Id.*, Ex. A at ¶¶ 22-

23)  Plaintiff followed up with a report of his own and instructed the sergeant to change the

---

[5] Defendants contend "[t]he contract also stated that the town may terminate [Plaintiff's] employment without cause upon 10 days' written notice."  (D.I. 4 at 4 (citing D.I. 29 at ¶ 16.A)) Paragraph 16.A of the version of the employment contract filed with the court allows the Town to terminate Plaintiff's employment "for cause."  (D.I. 29 at ¶ 16.A)  It does not address termination of Plaintiff's employment without cause.

[6] Defendants represent that Plaintiff gave the Mayor the security codes to access the outer and inner doors of the police station, citing to a specific paragraph of the complaint in support of the allegation.  (D.I. 4 at 5)  Defendants' characterization of the complaint is inaccurate.  Cited paragraph 22 does not address the Mayor's acquisition or use of the security codes.  The preceding paragraph states that "on the evening of April 23, 2023, the Mayor . . . used a security code she obtained from an unknown source to access a secured area of the police station without permission and without an escort via a double set of secured/locked doors."  (D.I. 1, Ex. A at ¶ 21)

security code for the doors to the secured area. (*Id.*, Ex. A at ¶ 23) The complaint alleges that the Mayor requested, but was not given, the new security access codes. (*Id.*, Ex. A at ¶ 24)

On May 1, 2023, the Town notified Plaintiff by letter that it had decided not to renew or extend his contract beyond August 31, 2023. (*Id.*, Ex. A at ¶ 25) No reason was given for the decision. (*Id.*, Ex. A at ¶ 26) The complaint alleges that Plaintiff's employment contract was not renewed in retaliation for his DELJIS report regarding the Mayor's allegedly unauthorized entry into the secured area of the police station. (*Id.*, Ex. A at ¶ 27)

In the complaint filed on August 30, 2024, Plaintiff asserts five causes of action. Count I alleges a violation of the Delaware Whistleblowers' Protection Act ("DWPA"), 19 *Del. C.* § 1701, *et seq.* (*Id.*, Ex. A at ¶¶ 33-43) Count II alleges breach of the implied covenant of good faith and fair dealing. (*Id.*, Ex. A at ¶¶ 44-48) Count III alleges a violation of the Delaware Wage Payment and Collection Act ("DWPCA"), 19 *Del. C.* § 1101, *et seq.* (*Id.*, Ex. A at ¶¶ 49-54) Count IV alleges a failure to provide an administrative hearing as required by 11 *Del. C.* § 9301, and a violation of Plaintiff's procedural and substantive due process rights under 42 U.S.C. § 1983. (*Id.*, Ex. A at ¶¶ 55-62) Count V alleges retaliation for upholding the rule of law and the equal application of the law to all citizens in violation of Plaintiff's free speech rights and entitlement to equal protection of the law under 42 U.S.C. § 1983. (*Id.*, Ex. A at ¶¶ 63-68)

The Town, the Town Council, the Mayor, Napolitano, Rymer, Benn, and Bishop (collectively, the "Removing Defendants") removed the case to this court on September 23, 2024, before any Defendants were served with legal process, based on this court's original jurisdiction under 28 U.S.C. §§ 1343 and 1441. (D.I. 1 at ¶¶ 2, 4) Defendants Bortner and Breger were not included in the Notice of Removal. (*Id.* at 2-3) The Removing Defendants also

filed a Notice of Filing of Notice of Removal with the Superior Court and served a copy on

Plaintiff, as required by 28 U.S.C. § 1446(d).  (D.I. 1, Ex. B)

## II.    MOTION FOR REMAND

A federal court must remand a removed case "[i]f at any time before final judgment it

appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).  In the

Third Circuit, "[i]t is settled that the removal statutes are to be strictly construed against removal

and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch &*

*Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (citing *Abels v. State Farm Fire & Casualty Co.*,

770 F.2d 26, 29 (3d Cir. 1985)).  The party seeking removal bears the burden of demonstrating

that removal is proper.  *See id.*; *Zoren v. Genesis Energy, L.P.*, 195 F. Supp. 2d 598, 602 (D. Del.

2002).

Plaintiff argues that that this case must be remanded because Bortner and Breger were not

included in the notice of removal, and removal is only proper when "all defendants who have

been properly joined and served . . . join in or consent to the removal of the action."[7]  (D.I. 6 at

¶¶ 3-7) (quoting 28 U.S.C. § 1446(b)(2)(A)).  This argument is without merit.  There is no

dispute that Bortner and Breger had not been served at the time the case was removed to this

court, and the notice of removal filed by the Removing Defendants confirms as much.  (D.I. 6 at

¶¶ 3, 7; D.I. 1 at ¶ 2)  Plaintiff argues that inefficiencies may result from Bortner and Breger's

lack of consent, but this argument is moot because Bortner and Breger have since joined in the

---

[7] Plaintiff also alleges that the case should be remanded because this court lacks supplemental jurisdiction over Count III of the complaint for violations of the DWPCA based on the Town's alleged failure to compensate Plaintiff for his unused vacation time.  (D.I. 6 at ¶ 10; D.I. 1, Ex. A at ¶ 52)  This argument is also raised in the briefing on the parties' motion to dismiss, and it appears both sides are in agreement that the court should decline to exercise supplemental jurisdiction over Count III specifically.  (D.I. 4 at 12-13; D.I. 10 at 23-24; D.I. 13 at 9)  The court addresses these arguments at § III.C, *infra*.

Removing Defendants' response to Plaintiff's motion for remand. (D.I. 8 at ¶¶ 3-4; D.I. 12)

Consequently, I recommend that the court DENY Plaintiff's motion to remand. (D.I. 6)

## III.    MOTION TO DISMISS

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim

upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6)

motion to dismiss, the court must accept as true all factual allegations in the complaint and view

them in the light most favorable to the plaintiff. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780,

790-91 (3d Cir. 2016).

To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint

must contain a "short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the

complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that

is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft

v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when the factual allegations

allow the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555-56.

The court's determination is not whether the non-moving party "will ultimately prevail,"

but whether that party is "entitled to offer evidence to support the claims." *In re Burlington Coat

Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal citations and quotation marks

omitted). This "does not impose a probability requirement at the pleading stage," but instead

"simply calls for enough facts to raise a reasonable expectation that discovery will reveal

evidence of [the necessary element]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir.

2008) (quoting *Twombly*, 550 U.S. at 556). The court's analysis is a context-specific task

5

requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-64.

### A.  Claims Against the Individual Defendants (Counts I through V)

Plaintiff concedes that Counts I to III should be dismissed as to the Individual Defendants.  (D.I. 10 at 8)  Consequently, I recommend that the court GRANT Defendants' motion to dismiss the state law claims at Counts I to III to the extent those causes of action are brought against the Individual Defendants.

Defendants also seek dismissal of the federal claims against the Individual Defendants at Counts IV and V of the complaint because the Individual Defendants "have legislative, judicial, and/or qualified immunity from liability for the federal claims, as they were acting within their official capacities and did not violate any clearly established constitutional right."  (D.I. 4 at 2, 3) For the following reasons, I recommend that the court GRANT Defendants' motion to dismiss Count IV and DENY the motion to dismiss Count V against the Individual Defendants on immunity grounds.

### 1.  Legislative immunity

The pleaded allegations are not sufficiently related to the Individual Defendants' legislative activities to fall within the sphere of legislative immunity.  Like federal and state legislators, local legislators enjoy absolute immunity from suit arising out of their legislative activities.  *Bogan v. Scott-Harris*, 523 U.S. 44 (1998); *In re Montgomery Cty.*, 215 F.3d 367, 376 (3d Cir. 2000).  Although not dispositive of the legislative immunity inquiry, "[w]here the decision affects a small number or a single individual, the legislative power is not implicated, and the act takes on the nature of administration." *Baraka v. McGreevey*, 481 F.3d 187, 198 (3d Cir. 2007) (quoting *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 774 (3d Cir. 2000)); *Acierno*

*v. Cloutier*, 40 F.3d 597, 610-12 (3d Cir. 1994). Here, the Individual Defendants engaged in administrative, not legislative activity when they hired Plaintiff as Chief of Police and subsequently declined to renew his employment contract. "[T]he hiring and firing of specific individuals generally is not protected by legislative immunity because it is an administrative action." *Leapheart v. Williamson*, 705 F.3d 310, 314 (8th Cir. 2013) (citing *In re Montgomery Cty.*, 215 F.3d at 376-77); *see also Spicer v. City of Dover*, C.A. No. 19-1966-CFC-SRF, 2020 WL 4432535, at *5 (D. Del. July 31, 2020), *report and recommendation adopted*, 2020 WL 5422427 (D. Del. Sept. 10, 2020).

### 2. Judicial immunity

Defendants also fail to establish that the Individual Defendants have judicial immunity. Defendants contend that the Individual Defendants were acting in their quasi-judicial capacities when they decided not to renew Plaintiff's employment contract. (D.I. 13 at 8) However, the case authorities cited by Defendants do not support this argument. For example, in *Smith v. Laster*, the court applied judicial immunity to a judge and extended quasi-judicial immunity to court support personnel. 787 F. Supp. 2d 315, 319 (D. Del. 2011). Defendants cite no authority to support extending quasi-judicial immunity to town council members.

### 3. Qualified immunity

According to Defendants, Plaintiff's federal claims should be dismissed as to the Individual Defendants because they have qualified immunity. (D.I. 4 at 9-11) However, Defendants do not raise any specific arguments supporting the application of qualified immunity to the claim for First Amendment retaliation at Count V of the complaint. (D.I. 4) Consequently, I recommend that the court DENY Defendants' motion to dismiss Count V of the complaint as to the Individual Defendants. *See ViaTech Tech. Inc. v. Microsoft Corp.*, C.A. No.

7

14-1226-RGA, 2017 WL 2538570, at *8 (D. Del. June 12, 2017) (holding that arguments not raised in the opening brief are waived).[8]

Defendants focus their argument on Count IV of the complaint, arguing that the Individual Defendants are immune from Plaintiff's federal due process claims because Plaintiff had no property or liberty interest[9] in his employment as Chief of Police. (D.I. 4 at 9-11)  Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

I recommend that the court GRANT Defendants' motion to dismiss Plaintiff's federal due process claim against the Individual Defendants at Count IV of the complaint.  "To have a property interest in a job . . . a person must have more than a unilateral expectation of continued employment; rather, she must have legitimate entitlement to such continued employment." *Elmore v. Cleary*, 399 F.3d 279, 282 (3d Cir. 2005).  Here, the complaint does not plausibly

---

[8] Plaintiff originally brought this case in Delaware Superior Court and he seeks to have the case remanded in its entirety to that court, albeit on a non-viable procedural basis. *See* § II, *supra*. Defendants move to dismiss the federal claims so the claims brought under state law may be remanded back to Delaware Superior Court. (D.I. 4 at 12-13)  To the extent that this Report and Recommendation is adopted, the only federal claim that will survive is Plaintiff's First Amendment retaliation claim against the Individual Defendants at Count V of the complaint. This claim survives against the Individual Defendants because Defendants do not specifically challenge it in their opening brief on the motion to dismiss.

[9] In their reply brief, Defendants cite pages 13 and 14 of Plaintiff's answering brief to suggest Plaintiff "argues that the Town's decision not to renew his contract impaired his liberty interest in his reputation and employment opportunities." (D.I. 13 at 3)  This statement is inaccurate. The terms "liberty interest," "reputation" and/or "employment opportunit[ies]" do not appear in Plaintiff's brief, and Plaintiff does not otherwise address Defendant's position that he has no liberty interest in his continued employment. (D.I. 10)  Instead, Count IV of the complaint and Plaintiff's answering brief focus on Plaintiff's alleged property interest in his employment. Because the complaint plausibly alleges a property interest, Plaintiff's due process claim survives even in the absence of a plausible liberty interest.

allege that Plaintiff had a protected property interest in his continued employment. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985).

Plaintiff's employment contract, which is incorporated by reference and attached to the complaint, provides that "the Town shall have the option to renew the term of this Agreement for two (2) additional two (2) year periods, to be exercised at the Town's discretion[.]" (D.I. 29 at ¶ 15) On its face, this language does not create any legitimate expectation of continued employment beyond the term of Plaintiff's contract for purposes of the due process analysis. *See Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 578 (1972) (finding no due process violation where "the terms of the respondent's appointment secured absolutely no interest in re-employment for the next year" and "supported absolutely no possible claim of entitlement to re-employment."); *see also Elmore*, 399 F.3d at 282 ("To have a property interest in a job . . . a person must have more than a unilateral expectation of continued employment; rather, she must have a legitimate entitlement to such continued employment."); *Kenny v. Univ. of Del.*, C.A. No. 17-1156-RGA, 2018 WL 1022576, at *3 (D. Del. Feb. 22, 2018) (concluding as a matter of law that the plaintiff had no property interest in her position where her employment agreement permitted the defendant to terminate her without cause). Absent a protected property interest in his employment, Plaintiff has no constitutional right to a hearing for purposes of due process. *Loudermill*, 470 U.S. at 542.

Plaintiff contends that he had a statutory right to a hearing under 11 *Del. C.* § 9301, and his rights under this statute create a property interest in his continued employment. (D.I. 10 at 12) Section 9301 states:

> No colonel, chief of police or any officer who is the highest ranking officer of a legislatively authorized police department within this State . . . shall be dismissed, demoted or otherwise removed from office unless there is a showing of just cause

9

and such person has been given notice in writing of the specific grounds for such action and an opportunity to be heard in the person's own defense, personally and/or by counsel, at a hearing, which may be public at the request of the person, before a panel appointed under the auspices of the Delaware Criminal Justice Council[.]

11 *Del. C.* § 9301(a). The procedural rights under Section 9301 are triggered only when a police chief is "dismissed, demoted or otherwise removed from office[.]" 11 *Del. C.* § 9301. Here, however, Plaintiff was not dismissed, demoted, or removed from his position. Rather, his employment contract was not renewed at the discretion of the Town. Consistent with paragraph 15.B of the employment contract, the complaint alleges that Plaintiff was notified by letter on May 1, 2023 that the Town was not going to extend his term. (D.I. 1 at ¶ 25; D.I. 29 at ¶ 15.B) The complaint implicitly acknowledges that this non-renewal is not equivalent to a dismissal, demotion, or removal by stating that "Plaintiff held a recognized expectation of continued employment" as Chief of Police "*[p]rior to May 1, 2023.*" (D.I. 1-1 at ¶ 61) (emphasis added). Absent a clearly established statutory or constitutional property interest in his position, Plaintiff has no procedural or substantive due process right to a hearing. Consequently, I recommend that the court GRANT Defendants' motion to dismiss the procedural and substantive due process claims against the Individual Defendants at Count IV of the complaint.

## B. Federal Claims Against the Town (Counts IV and V)

Counts IV and V of the complaint also assert causes of action for constitutional violations against the Town. (D.I. 1, Ex. A at ¶¶ 55-68) To state a claim for municipal liability under 42 U.S.C. § 1983, a plaintiff must establish that a constitutional right has been violated and the violation stems from the municipality's policy or custom. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation,

10

policy, or edict." *Berg v. Cnty. of Allegheny*, 219 F.3d 261, 275 (3d Cir. 2000) (internal quotations omitted). "[A] single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 637 (3d Cir. 1995) (quoting *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985)).

Defendants contend that Counts IV and V should be dismissed against the Town because the complaint does not identify a policy or custom that violated Plaintiff's constitutional rights to due process, free speech, or equal protection. (D.I. 4 at 11) In response, Plaintiff identifies two purported policies: (1) the Town's non-adherence to Delaware's Freedom of Information Act requirements for open meetings, 29 *Del. C.* § 10004; and (2) the Town's noncompliance with the requirements of DELJIS and law enforcement officers' duty to abide by them. (D.I. 10 at 22) Plaintiff does not support this argument with citations to the complaint. Defendants do not revisit their *Monell* argument in their reply brief or otherwise address Plaintiff's identification of two purported policies. (D.I. 13)

I recommend that the court GRANT Defendants' motion to dismiss Counts IV and V of the complaint against the Town. The complaint does not plead any facts suggesting that the Town deprived Plaintiff of his due process rights or retaliated against him pursuant to an official policy, ordinance, regulation, or adopted decision. *See Daoud v. City of Wilmington*, 894 F. Supp. 2d 544, 557 (D. Del. 2012) (granting motion to dismiss claims brought under Section 1983 where the complaint did not plead facts alleging the existence of an official policy). To the contrary, the complaint identifies an official DELJIS security protocol and claims that the Town violated that protocol. (D.I. 1-1 at ¶¶ 29, 65-66) The complaint does not identify an "official

policy" of noncompliance with that policy or any other policies. *See Santora v. Red Clay Consol. Sch. Dist.*, 580 F. App'x 59, 62 (3d Cir. 2014). Neither the complaint nor Plaintiff's answering brief alleges the existence of a custom. (D.I. 1-1; D.I. 10)

### C. State Law Claims Against the Town (Counts I, II, and III)

Finally, Defendants argue that the court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims against the Town at Counts I, II, and III. (D.I. 4 at 12-13) A federal court "may decline to exercise supplemental jurisdiction over a claim [ ] if [ ] the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). Having recommended that the court deny-in-part Defendants' motion to dismiss Plaintiff's federal claims, I further recommend that the court continue to exercise supplemental jurisdiction over the associated state law claims at Counts I and II of the complaint.[10]

Plaintiff offers a separate analysis of Count III of the complaint, arguing that this claim should be remanded to the Delaware Superior Court in Kent County.[11] (D.I. 10 at 23-24) Citing

---

[10] After briefing was complete on the motion to dismiss, Plaintiff submitted "supplemental authority" regarding his claim for breach of the implied covenant of good faith and fair dealing at Count II of the complaint. (D.I. 24) (citing *SerVaas v. Ford Smart Mobility LLC*, 2021 WL 3779559 (Del. Ch. Aug. 25, 2021)). This submission is not in compliance with D. Del. LR 7.1.2(b), which provides "[e]xcept for the citation of subsequent authorities, no additional papers shall be filed absent Court approval." The case submitted by Plaintiff is not "subsequent" authority because it was issued in 2021, more than three years before the pending motion to dismiss was filed. The case is also substantively unhelpful because the motion to dismiss does not challenge the sufficiency of the pleaded allegations for breach of the implied covenant at Count II. Instead, the parties agree that Count II should be dismissed as to the Individual Defendants, and Defendants ask that the court decline to exercise supplemental jurisdiction over Count II with respect to the Town. Plaintiff's supplemental authority is therefore irrelevant to the issues raised in the motion to dismiss.

[11] Plaintiff cross-references his motion for remand in support of his request to remand Count III in his answering brief on the motion to dismiss. (D.I. 10 at 23-24) For the reasons described at § II, *supra*, Plaintiff's motion for remand seeks a remand of the entire case based on a procedural

the state venue statute, Defendants contend that Counts I, III, and III should be remanded to the Delaware Superior Court in Sussex County. (D.I. 4 at 13) However, Defendants provide no authority demonstrating that a court may sever and remand a claim to a different venue than the one from which it was removed.

I recommend that the court sever and remand Count III because the parties agree that Plaintiff's DWPCA claim should be remanded. I further recommend that the court remand Count III to the Delaware Superior Court in Kent County, where this case was originally filed. *See* 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3739 (4th ed. 2008) ("Federal district judges do not have the authority to 'transfer' cases by remanding them to different courts within the same state . . . regardless of jurisdiction, venue, and efficiency considerations that might favor that action."). This recommendation is without prejudice to Defendants to raise any available venue or jurisdictional challenges in the Superior Court following remand of Count III.

## IV.    CONCLUSION

For the reasons discussed above, I recommend that the court DENY Plaintiffs' motion for remand, (D.I. 6), and GRANT-IN-PART Defendants' motion to dismiss, (D.I. 3). Specifically, I recommend that the court:

    a.    GRANT without prejudice the motion to dismiss the state law causes of action against the Individual Defendants at Counts I to III;

---

technicality. In his answering brief, however, Plaintiff addresses only his DWPCA claim at Count III of the complaint. (*Id.*) Plaintiff offers no reasoning to explain why Count III should be treated differently from the other claims brought under state law. Nonetheless, the court recommends severance and remand of Count III because both sides are in agreement that the claim should be heard in Delaware Superior Court.

    b.  GRANT without prejudice the motion to dismiss Count IV of the complaint against the Individual Defendants;

    c.  GRANT without prejudice the motion to dismiss Counts IV and V of the complaint against the Town;

    d.  SEVER Plaintiff's DWPCA claim against the Town at Count III of the complaint and remand the cause of action to the Delaware Superior Court in Kent County; and

    e.  DENY the motion to dismiss in all other respects.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: August 26, 2025

                                               Sherry R. Fallon
                                              UNITED STATES MAGISTRATE JUDGE